# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| | * | |
| FELECIA L. RINGGOLD | * | |
| | * | |
| v. | * | Civil No. CCB-13-210 |
| | * | |
| JANET NAPOLITANO, SECRETARY, | * | |
| U.S. DEPARTMENT OF HOMELAND | * | |
| SECURITY | | |

****** 

## MEMORANDUM

Plaintiff Felecia L. Ringgold brings this suit against defendant Janet Napolitano, Secretary of the U.S. Department of Homeland Security, for alleged disability discrimination by her former employer, the Transportation Security Administration ("TSA"). Napolitano now moves to dismiss or, in the alternative, for summary judgment. (ECF No. 7.) Ringgold moves for leave to proceed *in forma pauperis*. (ECF No. 2.) The court finds oral argument unnecessary to resolve the issues. *See* Local R. 105.6 (D. Md. 2011). For the reasons set forth below, the court will grant Napolitano's motion to dismiss or for summary judgment. The court also will grant Ringgold's motion to proceed *in forma pauperis*.

## BACKGROUND

Ringgold appears to have brought this action under the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* She alleges she was "injured on the job while working" as a Transportation Security Officer ("TSO") at Baltimore Washington International Airport. (ECF No. 1 at 1.) According to Ringgold, she sustained an injury to the rotator cuff in her shoulder. (ECF No. 7, Ex. 2 at 1.) Ringgold argues that her former employer, the TSA, discriminated against her by forcing her to return to work

before the rotator-cuff injury had fully healed, resisting her efforts to process a claim for injury, impeding her efforts to file a complaint for assault by a coworker, and attempting to damage her credibility. (ECF No. 7, Ex. 1 at 2; ECF No. 7, Ex. 7 at 1.)

Ringgold first complained of mistreatment by the TSA on December 23, 2008. (ECF No. 7, Ex. 1.) On that day, she contacted an Equal Employment Opportunity ("EEO") counselor, alleged discrimination based on disability, and requested compensatory damages. (*Id.*) No resolution was reached after Ringgold's contact with the EEO counselor, and on July 28, 2009, the EEO counselor mailed Ringgold a notice of right to file a formal complaint of discrimination. (ECF No. 7, Ex. 2.) The notice indicated Ringgold had "**15 calendar days** [from] receipt of this notice" to file a formal EEO complaint. (*Id.*)

Ringgold received the notice on August 6, 2009 (ECF No. 7, Ex. 3), but she did not file a formal EEO complaint until June 18, 2010.[1] As a result, on November 2, 2010, the Department of Homeland Security dismissed Ringgold's complaint as untimely. (ECF No. 7, Ex. 6.)

Ringgold appealed the decision, and on April 25, 2012, the Office of Federal Operations affirmed the dismissal of Ringgold's untimely complaint. (ECF No. 7, Ex. 7.) Ringgold's request for reconsideration was then denied on October 18, 2012. (ECF No, 7, Ex. 8.)

On January 18, 2013, Ringgold filed a *pro se* complaint in this court. (ECF No. 1.)

---

[1] Ringgold sent a letter dated June 18, 2010, to the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 7, Ex. 5.) The EEOC returned the letter, however, because the "complaint of discrimination . . . must initially be filed directly with the [TSA]." (*Id.*) Ringgold then submitted a second letter—dated August 4, 2010, and signed August 5, 2010—to the TSA. (ECF No. 7, Ex. 4.) The second letter was deemed filed on June 18, 2010. (ECF No. 7-1 at 2.)

**STANDARDS**

**a.   Motion to Dismiss for Failure to State a Claim**

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim . . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (quotations and citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

**b. Motion to Dismiss for Failure to Exhaust**

Motions to dismiss for failure to exhaust administrative remedies are treated as motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 Fed. App'x 960 (4th Cir. 2004); *see also Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) ("[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim."). A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347–48 (4th Cir. 2009). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Piney Run Preservation Ass'n v. Cnty. Comm'rs of Carroll Cnty., Md.*, 523 F.3d 453, 459 (4th Cir. 2008). Moreover, "[w]hen a defendant challenges subject matter jurisdiction via a Rule 12(b)(1) motion to dismiss, the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings . . . ." *Blitz v. Napolitano*, 700 F.3d 733, 736 n.3 (4th Cir. 2012) (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)).

## ANALYSIS

Ringgold cannot maintain the current action for two reasons. First, Ringgold's claim under the Rehabilitation Act is preempted by the Aviation and Transportation Security Act ("ATSA"). Second, Ringgold failed to exhaust mandatory administrative remedies in a timely manner, thereby precluding any claim under Title VII of the Civil Rights Act of 1964.

### a. Rehabilitation Act Claim

A TSO cannot pursue a disability discrimination claim under the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*, against the TSA because the ATSA preempts the Rehabilitation Act. Section 44935(e)(2)(A) of the ATSA provides hiring standards for security screeners, stating "*[n]otwithstanding any provision of law*, those standards shall require, at a minimum . . . the ability to demonstrate daily a fitness for duty . . ." and "to meet such other qualifications as the Under Secretary may establish." 49 U.S.C. § 44935(e)(2)(A)(v) and (iv) (emphasis added). Likewise, it provides employment standards for personnel, indicating "*[n]otwithstanding any provision of law*, an individual may not be deployed as a security screener unless the individual" meets certain requirements, including "basic aptitudes and physical abilities." *Id.* § 44935(f)(1)(B) (emphasis added). Additionally, § 111(d), codified as a note to 49 U.S.C. § 44935, states "*[n]otwithstanding any other provision of law*, the Under Secretary of Transportation for Security may employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of employment of Federal service for [federally employed security screeners]." *See Field v. Napolitano*, 663 F.3d 505, 508–09 (1st Cir. 2011) (emphasis added) (quoting § 111(d)); *Conyers v. Merit Sys. Prot. Bd.*, 388 F.3d 1380, 1382–83 (Fed. Cir. 2004) (emphasis added) (quoting § 111(d)).

In interpreting a "notwithstanding" clause, the Supreme Court of the United States reasoned that "the use of . . . a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section." *Cisneros v. Alpine Ridge Group*, 508 U.S. 10, 18 (1993); *see also Shomberg v. United States*, 348 U.S. 540, 547–48 (1955) (explaining the "notwithstanding" language indicates Congress's "intent that certain policies should override" other statutory provisions). Here, the

"notwithstanding" language in the ATSA and in an accompanying note suggests the drafter's intent that the Act should override other statutes, including the Rehabilitation Act. Across the country, federal courts have interpreted the ATSA in this way. *See Field*, 663 F.3d at 512 ("Every circuit to address the issue has agreed that the language of the ATSA plainly precludes security screeners from bringing suit under certain of the federal employment statutes incorporated under Title 5 of the United States Code, including the Rehabilitation Act."); *see, e.g.*, *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011); *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1337–38 (11th Cir. 2006). Thus, Ringgold's claim under the Rehabilitation Act is preempted by the ATSA and cannot survive.

### b. Title VII Claim

Pursuant to Title VII of the Civil Rights Act of 1964, a federal employee must file a formal complaint with the EEOC within fifteen days of receiving notice of a right to do so. 29 C.F.R. § 1614.106(b). Failure to file the complaint within the fifteen-day period constitutes a failure to exhaust administrative remedies and is grounds for dismissal of the case. *See Moret v. Harvey*, 381 F. Supp. 2d 458, 467 (D. Md. 2005) (noting the plaintiff "failed to ever file a formal complaint, much less file within the 15 day requirement" and stating the "failure to timely . . . file a formal complaint [is] grounds for dismissal for failure to exhaust administrative remedies"); *Blount v. Shalala*, 32 F. Supp. 2d 339, 340–41 (D. Md. 1999) (dismissing a federal employee's Title VII case for failure to exhaust administrative remedies when the federal employee was "one day beyond the 15-day deadline for filing"), *aff'd*, 199 F.3d 1326 (4th Cir. 1999) (unpublished opinion); *Olivares v. NASA*, 934 F. Supp. 698, 701, 704 (D. Md. 1996) (granting the defendant's motion for summary judgment when the federal employee "did not file a formal complaint with the agency's EEO officer within 15 days after his final interview with

the EEO counselor as required by 29 C.F.R. §1614.106(b)")", *aff'd sub nom. Olivares v. Nat'l Aeronautics and Space Admin.*, 114 F.3d 1176 (4th Cir. 1997) (unpublished opinion).

In this case, Ringgold failed to file a formal complaint within fifteen days of receiving notice of her right to do so. Indeed, she did not file her formal complaint until June 18, 2010, more than ten months after receiving notice of the right to file a complaint. As the notice of the right to file clearly indicated the formal EEO complaint must be submitted "within **15 calendar days** of receipt of this notice" (ECF No. 7, Ex. 2), and Ringgold put forth no equitable reason for tolling the fifteen-day limitations period, Ringgold did not exhaust mandatory administrative remedies. Therefore, the court lacks subject matter jurisdiction to consider Ringgold's Title VII claim, and it must be dismissed.

## CONCLUSION

For the reasons stated above, Napolitano's motion to dismiss or, in the alternative, for summary judgment will be granted. A separate order follows.


September 10, 2013                                           /s/
Date                                                        Catherine C. Blake
                                                            United States District Judge